IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MARKEVIAN HARRIS,

    Petitioner,

vs.                                        Case No. 4:11cv298-WS/WCS

SECRETARY KENNETH S. TUCKER,,

    Respondent.

_____/


**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

Petitioner Harris, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  He challenges the judgment and sentence of 18.375 years imposed by the Second Judicial Circuit Court, Leon County, on January 22, 2002.  Doc. 1, p. 1.  He claims ineffective assistance of counsel for failing to object to amendment of the information after he entered his plea (ground one), and for failing to object to an incorrect sentencing scoresheet (ground two).  Doc. 1, pp. 4-5.  Both claims are supported by the factual allegation that Petitioner was sentenced for

combined offenses, including an armed robbery in case 2001CF133,[1] even though case number 2001CF133 was not a part of his plea agreement. *Id.*

Petitioner was directed to show cause why the petition should not be dismissed as untimely under the one year limitations period for filing a § 2254 petition. Doc. 5 (incorporated by reference). It was explained to Petitioner that the one year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though later dates may commence the period. *Id.*, p. 2, discussing § 2244(d)(1). Once commenced, Petitioner was advised that § 2244(d)(2) tolls the period for the time during which a "properly filed" application for relief is pending in state court, and that the time may be equitably tolled, but only upon a showing of extraordinary circumstances and due diligence. Doc. 5, pp. 2-3 (citation omitted).

> I noted that:
>
> As Petitioner did not appeal, his conviction became final on or about February 21, 2002, when the time for filing a direct appeal expired. *See* Fla.R.App.P. 9.140(b)(3) (allowing 30 days from rendition of a written order imposing sentence). When the earliest of the post conviction motions was filed on November 25, 2002, some 276 days had already elapsed. Even assuming all time was tolled between that first filing and the issuance of the last mandate on August 10, 2009, Petitioner did not file his § 2254 petition until June 17, 2011 (the date it was delivered to prison officials for mailing), some 22 months later.

Doc. 5, p. 3.

---

[1] It is not disputed that Petitioner entered a plea on August 27, 2001, to the charges in 2000CF4861, 2000CF4992, 2001CF131, and 2001CF132. Doc. 1, p. 1, see also doc. 6, App. D, p. 1 (cover page of plea transcript); doc. 6, p. 29 as scanned into ECF (Electronic Case Filing).

Petitioner filed a response. Doc. 6. He asserts that the factual basis for his claims could not have been discovered previously by the exercise of due diligence, and that a fundamental change in the law barred him from properly presenting his claims. *Id.*, p. 2. Construing his argument liberally, Petitioner is claiming that he could not have discovered the facts supporting his claims until the state court issued its order on January 13, 2009. *Id.*, pp. 2-4. The order is attached to Petitioner's response as App. A.[2] That order addressed the argument, raised in Petitioner's Fla.R.Crim.P. 3.800(a) motion filed November 3, 2008, that his sentence was illegal as his sentencing scoresheet included case number 2001CF133, even though that case was not included in his plea. The court found the sentence not "illegal" for Rule 3.800(a) purposes as the same sentence "could have been imposed" even if case number 2001CF133 were not included in the scoresheet. App. A, pp. 1-2. The court said:

> Claims alleging what the court 'would have' done must be presented in a timely 3.850 motion.
>
> Additionally, challenges to the existence of a conviction are not cognizable in a 3.800(a) motion. Thus, Defendant's claim that he was not convicted in 2001-0133 should have been presented in a properly filed 3.850 motion in case number 2001-0133.

App. A, p. 2 (citations omitted).[3]

---

[2] App. A is at pp. 10-12 of doc. 6 as scanned into ECF.

[3] The court cited two Florida cases for these propositions, Hernandez v. State, 698 So. 2d 906 (Fla. 4th DCA 1997) and Brooks v. States, 969 So. 2d 238 (Fla. 2007). Petitioner cites these as the "fundamental change in law" barring review in state court. Assuming there was some change in the review process precluding review of Petitioner's claims on the merits, a change which might go to determining exhaustion or default, that does not affect the time calculation. *Cf.*, Thompson v. Secretary, Dept. of Corrections, 595 F.3d 1233, 1236 (11th Cir. 2010) ("[w]hether an application is properly

Clearly, Petitioner had discovered the factual basis sometime prior to November 3, 2008, when he filed his Rule 3.800 motion raising the claims.[4]  Petitioner has not made a showing that the one year commenced from the later date set forth in § 2244(d)(1)(D) (commencing the time from the date the "factual predicate . . . could have been discovered through the exercise of due diligence.").  But as noted in the order to show cause, even if one year commenced from the date of the mandate on August 10, 2009, Petitioner allowed another 22 months (close to two years) to pass before filing of this § 2254 petition.  Doc. 5, pp. 2-3 and n. 1.

Petitioner now asserts that he filed a Fla.R.Crim.P. 3.850 motion, which was also denied, and rehearing was denied.  Doc. 6, pp. 4, 6, referencing App. J.  As Petitioner did not refer to this (or any other state court proceeding filed after 2009) in his petition, it was not part of my analysis in the show cause order.  Review of the order denying Petitioner's Rule 3.850 motion reveals, however, that the proceeding does not affect the time calculation.

Petitioner filed a Fla.R.Crim.P. 3.850 motion on May 19, 2010, raising the same ineffectiveness claims raised here.  App. I.[5]  The court denied the motion as time barred

---

filed is distinct from whether the application's claims are meritorious or procedurally barred.") (citation omitted).

[4] That case 2001CF133 was considered at sentencing was known at the time of sentencing on January 22, 2002.  Doc. 6, App. D (transcript), pp. 32-33 (pp. 48 and 47, respectively, in ECF).  See also, App. I, composite Ex. 1 (pp. 96-97 in ECF) (copy of the January 22, 2002, judgment as to 2001CF133).

[5] App. I, the order with attachments, is at pp. 85-97 of doc. 6 as scanned into ECF (the order itself is at pp. 86-87).

Case No. 4:11cv298-WS/WCS

under Rule 3.850(b). Petitioner's motion for rehearing was denied on May 20, 2011. Ex. I. As the state court found the motion untimely, it was not properly filed and the time it was pending did not toll the limitations period for filing the § 2254 petition. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Allen v. Siebert, 552 U.S. 3, 7, 128 S.Ct. 2, 4, 169 L.Ed.2d 329 (2007), *quoting, and reiterating the holding in*, Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1807, 161 L.Ed.2d 669 (2005).

For all of these reasons, this § 2254 petition is untimely and should be summarily denied.

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

Petitioner cannot make a substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).[6] Therefore, I recommend that the court deny a certificate of appealability in its final order.

---

[6] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484, 120 S.Ct. at 1604 (emphasis added)..

Case No. 4:11cv298-WS/WCS

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall therefore make any argument as to whether a certificate should issue by objections to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus filed by Markevian Harris, challenging the January 22, 2002, judgment of the Second Judicial Circuit, in and for Leon County, Florida, be **DENIED AS UNTIMELY**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on November 28, 2011.

                                                  s/   William C. Sherrill, Jr.
                                                  **WILLIAM C. SHERRILL, JR.**
                                                  **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:11cv298-WS/WCS